IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANKENETH CORBIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:23-cv-00516-JAR |
| | ) | |
| v. | ) | |
| | ) | |
| BLACK JACK FIRE | ) | |
| PROTECTION DISTRICT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID CALHOUN, | ) | |
| *in his individual capacity,* | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE REGARDING CHANGES TO <u>MANDATORY RETIREMENT AGE</u>**

Defendants discuss the evidence regarding retirement age in the wrong context. They claim, incorrectly, that Plaintiff will suggest that the lowering of the retirement age (years before Plaintiff's termination) was retaliatory, or that this evidence has some connection to the age claim that is no longer part of this case. These are red herrings. Plaintiff asserts nothing of the kind.

Plaintiff seeks to offer this evidence under a straightforward and well-supported theory for front pay (*which is presumptively proper*): <u>that, but for the illegal animus against Plaintiff, it is more likely than not (applying the preponderance of the evidence standard) that he would have been able to work past age 60</u>. There will be compelling evidentiary support for this proposition, as discussed below. Moreover, the mandatory retirement age is legally unenforceable as to Plaintiff and Plaintiff, had he chose, could have successfully challenged it.

1

A factfinder is, of course, free to reject these arguments, but there is no legitimate basis for precluding Plaintiff from presenting evidence on these points.

**ARGUMENT**

A.  **There is Strong Presumption that Plaintiff is Entitled to Front Pay**

The question is not "Why should Plaintiff get front pay?" but rather "Why *shouldn't* Plaintiff get front pay?" Once a plaintiff proves that his termination was illegal, then he is entitled to back pay. See, e.g., Albemarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975) (holding that back pay should be denied only in "unusual circumstances"). Indeed, "**such an award is presumptively proper** once a violation has been shown." E.E.O.C. v. Ilona of Hungary, Inc., 108 F.3d 1569, 1580 (7th Cir. 1997) (internal citations omitted, emphasis added).

Front pay is a substitute for reinstatement. "If reinstatement is withheld because of friction that would ensue independently of any hostility or retaliation by the employer, **a remedy of back pay will not make the plaintiff whole**"; in such cases front pay fills the "remedial gap." McKnight v. General Motors Corp., 908 F.2d 104, 116 (7th Cir. 1990) (emphasis added). Further, "where substantial back pay is awarded, there is a presumption that the plaintiff does not have equally good employment opportunities." Id.

As such, Plaintiff must be allowed to make his arguments as to front pay to the jury (or, alternatively, to the Court) absent some substantive legally showing by Defendants why Plaintiff should not be allowed to do so. Defendants have failed to make such a showing.

2

    **B. There Will Be Strong Evidentiary Support to Find That ("But For" Illegal Animus) It Is Likely The Board Would Have Waived The Retirement Age In 2024**

The Board has maintained a mandatory retirement age of 60, which Chief Corbin was due to reach in August 2024. Trial evidence will establish that firefighters were requesting it be raised and that, moreover, a third-party audit found that raising the retirement age to 62 would save Black Jack money. Battalion Chief Dave Schmidt will testify that Black Jack counsel called him during 2021 and said words to the effect, "*<u>The Board will never raise the retirement age as long as Chief Corbin is Chief.</u>*". There is no dispute that the Board had the authority and power to raise the retirement age had they decided to do so and that, in the 90s, a prior chief had his retirement age extended.

Thus, absent illegal animus against Chief Corbin, the preponderance of the evidence will show that the new retirement age would have extended by at least two years.

    **C. <u>The Retirement Age Is Legally Unenforceable</u>**

It is also of some relevance that had Plaintiff sought to challenge the retirement age, he would have been successful. The ADEA, under the 1996-2005 amendments, has exemptions for firefighters, and for a "bona fide executive or high policymaking position." However, the firefighter exemption states that such retirement age must be a function of a state or local law, which is not the case here. 29 U.S.C § 623(j). Further, Chief Corbin was a Chief and not a rank-and-file firefighter and therefore not subject to any BFOQ argument—his age had no relation to his ability to do his job. In <u>EEOC v. City of St. Paul</u>, 671 F.2d 1162 (8th Cir. 1982), the 8th Circuit found that a firefighter BFOQ was not applicable to a *chief*. Regarding the executive exemption, Chief Corbin was beholden to the Board and therefore not within that provision.

WHEREFORE, Defendants' Motion in Limine 3 is properly denied.

                                         Respectfully Submitted,

                                          ***/s/ Jeffrey D. Hackney***

                                         Jeffrey D. Hackney #53158MO
                                         HKM Employment Attorneys, LLP
                                         7382 Pershing Ave. Suite 1W
                                         St. Louis, Missouri 63130
                                         *314-448-4282*
                                         *jhackney@hkm.com*
                                         ***Attorneys for Plaintiff Ken Corbin***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 22, 2025, a copy of the foregoing was served on all parties via the Court's electronic filing system.

   */s/ Jeffrey D. Hackney*